UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUMAYUN MANZOOR, | No.  2:13-cv-2386-JAM-EFB PS |
| Plaintiff, | |
| v. | ORDER |
| TAHIR AHMED, SAMINA MALIK, and SAFINA AYAZ, | |
| Defendants. | |

This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21), pursuant to 28 U.S.C. § 636(b)(1).  Plaintiff seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  His declaration makes the showing required by 28 U.S.C. §1915(a)(1) and (2).  *See* ECF No. 2.  Accordingly, the request to proceed *in forma pauperis* is granted.  28 U.S.C. § 1915(a).

Determining that plaintiff may proceed *in forma pauperis* does not complete the required inquiry.  Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it

fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id*. (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

Additionally, a federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively. Federal question jurisdiction requires that the complaint (1) arise under a federal law or the U. S. Constitution, (2) allege a "case or controversy" within the meaning of Article III, § 2 of the U. S. Constitution, or (3) be authorized by a federal statute that both regulates a specific subject matter and confers federal jurisdiction. *Baker v. Carr*, 369 U.S. 186, 198 (1962). To invoke the court's diversity jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the matter in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *Bautista v. Pan American World*

*Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987).  A case presumably lies outside the jurisdiction of the federal courts unless demonstrated otherwise.  *Kokkonen*, 511 U.S. at 376-78.  Lack of subject matter jurisdiction may be raised at any time by either party or by the court.  *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

The complaint alleges that plaintiff's mother died in March of 1981.  ECF No. 1 at 1. After his mother's death plaintiff traveled to Pakistan, where his mother apparently lived, but was only able to stay for two weeks as he was attending college in Chicago.  *Id*.  Plaintiff claims that at the time of his mother's death she had the following assets: (1) 200,000.00 Pakistani Rupees, (2) residential property in Pakistan valued at approximately $198,095.00, and (3) commercial property in Pakistan valued at approximately $28,571.00.  *Id*. at 1-2.  The complaint further alleges that plaintiff "is a Sunny Muslim and according to the Islamic (Mohammedan) law of inheritance, in the absence of a written will . . . assets are divided in the following ratio: A son's share is double that of a daughter's."  *Id*. at 2.  The complaint states that defendants, Commander Tahir Ahmed, Samina Malik, and Safina Ayaz, are plaintiff's siblings.  He alleges that these siblings "hatched a conspiracy and divided the assets of [their] mother among themselves and deprived [plaintiff of his] share of the assets," which he claims is valued at $57,143.00.  *Id*. at 2-3. Plaintiff also claims that he could not have brought this lawsuit at the time of his mother's death because he was busy with his college courses.  *Id*.

The complaint as drafted does not establish that this court has subject matter jurisdiction over plaintiff's claim(s).  The complaint does not allege any specific causes of action nor do the facts alleged support a federal claim for relief.  Instead, they suggest a probate dispute, a state law matter not ordinarily cognizable in federal court.  *Marshall v. Marshall*, 547 U.S. 293, 298–99 (2006); *Harris v. Zion's Bank*, 317 U.S. 447, 450 (1943).  Further, even assuming a claim that could support diversity jurisdiction, the amount in controversy requirement is not satisfied.  While the complaint does allege diversity of citizenship of the parties, the complaint specifically requests that defendants be order to pay plaintiff his share of the alleged inheritance, which

/////

/////

plaintiff values at $57,143. [1] *Id*. at 2-3. Accordingly, the amount in controversy appears to be less than $75,000 and therefore this court lacks diversity jurisdiction over this matter.

Therefore, the complaint will be dismissed. However, plaintiff is granted leave to file an amended complaint, if he can allege a basis for this court's jurisdiction, as well as a cognizable legal theory and sufficient facts in support of that cognizable legal theory. [2] *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints). Should plaintiff choose to file an amended complaint, the amended complaint shall clearly set forth the allegations against defendant and shall specify a basis for this court's subject matter jurisdiction. Any amended complaint shall plead plaintiff's claims in "numbered paragraphs, each limited as far as practicable to a single set of circumstances," as required by Federal Rule of Civil Procedure 10(b), and shall be in double-spaced text on paper that bears line numbers in the left margin, as required by Eastern District of California Local Rules 130(b) and 130(c). Any amended complaint shall also use clear headings to delineate each claim alleged and against which defendant or defendants the claim is alleged, as required by Rule 10(b), and must plead clear facts that support each claim under each header.

Additionally, plaintiff is informed that the court cannot refer to prior pleadings in order to make an amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Accordingly, once plaintiff files an amended complaint, the original no longer serves any function in the case.

/////

---

[1] The complaint alleges that plaintiff is a resident of California, defendant Commander Jahir Ahmed is a resident of Texas, defendant Samina Malik is a resident of Michigan, and defendant Safina Ayaz is a resident of Texas. ECF No. 1 at 1-2.

[2] While it is unclear precisely what cause of action plaintiff intends to assert, it is worth noting that in the event plaintiff does identify a claim for relief in an amended complaint such claim may be barred by the applicable statute of limitations given that plaintiff's mother passed away more than thirty years ago.

Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint," *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981), and defendants not named in an amended complaint are no longer defendants. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Finally, the court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in a recommendation that this action be dismissed. *See* Local Rule 110.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's request for leave to proceed *in forma pauperis*, ECF No. 2, is granted;

2. Plaintiff's complaint is dismissed with leave to amend, as provided herein; and

3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint. The amended complaint must bear the docket number assigned to this case and must be labeled "First Amended Complaint." Failure to timely file an amended complaint in accordance with this order will result in a recommendation this action be dismissed.

DATED: August 5, 2014.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE