UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUMAYUN MANZOOR,<br><br>            Plaintiff,<br><br>     v.<br><br>TAHIR AHMED, SAMINA MALIK, and SAFINA AYAZ,<br><br>            Defendant. | No.  2:13-cv-2386-JAM-EFB PS<br><br>FINDINGS AND RECOMMENDATIONS |

    The court previously granted plaintiff's request for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, but dismissed plaintiff's complaint with leave to amend pursuant to 28 U.S.C. § 1915(e)(2).[1]  ECF No. 3.  The original complaint alleged that plaintiff's mother, while residing in Pakistan, died in March of 1981.  *Id*. at 3.  Plaintiff alleged that defendants Tahir Ahmed, Samina Malik, and Safina Ayaz, plaintiff's siblings, "hatched a conspiracy and divided the assets of [their] mother among themselves and deprived [plaintiff] of [his] share of the assets," which he claimed to be valued at $57,143.00.  *Id*.

/////

/////

---

[1] This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21).  *See* 28 U.S.C. § 636(b)(1).

1

The order dismissing the original complaint observed that plaintiff's complaint failed to establish that the court has subject matter jurisdiction over plaintiff's claim(s), as the complaint did not allege a federal claim for relief and the amount in controversy appeared to be less than $75,000. *Id*. at 3-4. Therefore, the court dismissed the complaint and provided plaintiff thirty days to file an amended complaint. *Id*. at 5. Plaintiff has since filed his first amended complaint. ECF No. 4.

As noted in the court's earlier order, although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id*. (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

/////

Additionally, a federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively. Federal question jurisdiction requires that the complaint (1) arise under a federal law or the U. S. Constitution, (2) allege a "case or controversy" within the meaning of Article III, § 2 of the U. S. Constitution, or (3) be authorized by a federal statute that both regulates a specific subject matter and confers federal jurisdiction. *Baker v. Carr*, 369 U.S. 186, 198 (1962). To invoke the court's diversity jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the matter in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *Bautista v. Pan American World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987). A case presumably lies outside the jurisdiction of the federal courts unless demonstrated otherwise. *Kokkonen*, 511 U.S. at 376-78. Lack of subject matter jurisdiction may be raised at any time by either party or by the court. *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

The amended complaint alleges that plaintiff's mother died in March of 1981. ECF No. 4 at 1. After his mother's death plaintiff traveled to Pakistan, where his mother lived, but was only able to stay for two weeks as he was attending college in Chicago. *Id*. Plaintiff claims that at the time of his mother's death she had the following assets: (1) 200,000.00 Pakistani Rupees (which equates to approximately $1,905 U.S. dollars), (2) residential property in Pakistan valued at approximately $198,095.00, and (3) commercial property in Pakistan valued at approximately $28,571.00. *Id*. at 1-2. Plaintiff further alleges that he is a "Sunny Muslim and according to the Islamic (Mohammedan) law of inheritance, in the absence of a written will of a deceased person, his or her assets are divided in the following ratio: A son's share is double that of a daughter's." *Id*. at 2.

Plaintiff claims that defendants Tahir Ahmed, Samina Malik, and Safina Ayaz are his siblings. *Id*. He claims that his siblings "hatched a conspiracy and divided the assets of [their] mother among themselves and deprived [plaintiff of his] share of the assets," which he now
/////

3

1  values at $76,190.66. *Id*. at 2-3. He also alleges that defendants Tahir Ahmed and Safina Ayaz
2  are residents of Texas, and that defendant Samina Malik is a resident of Michigan. *Id*. at 2.
3      Plaintiff's recent complaint alleges that the amount in controversy is now approximately
4  $76,000, just over the minimum requirement provided in 28 U.S.C. § 1332.[2] Ignoring for now
5  the inconsistencies in the complaints and accepting as true the allegations in the amended
6  complaint, the court nevertheless finds that this action must be dismissed.
7      Assuming a basis for diversity jurisdiction, plaintiff appears to allege a state law claim for
8  fraud based on defendants "hatching a conspiracy" to deprive him of his share of his mother's
9  assets. ECF No. 4 at 3. Under California law, claims for fraud and misrepresentation are subject
10 to a three-year statute of limitations. Cal. Civ. Proc. Code § 338(d). "The cause of action in that
11 case is not deemed to have accrued until discovery, by the aggrieved party, of the facts
12 constituting the fraud or mistake." *Id*. Plaintiff alleges that his mother died in 1981. ECF No. 4
13 at 1. Plaintiff, however, did not initiate this action until more than thirty years after her death.
14 ECF No. 1. Plaintiff does not allege the precise date that the alleged conspiracy occurred, but his
15 allegations indicate that it happened around the time of his mother's death. Plaintiff alleges that
16 he could not have brought this action at the time of his mother's death because he was busy with
17 school and subsequent employment. ECF No. 4 at 2. It appears from these allegations that
18 plaintiff's was aware of the facts giving rise to his fraud claim, but he simply did not file suit
19 within the three-year limitation period because he was attending to other matters of greater
20 priority to him.
21 /////
22 /////

---

[2] Although the court previously noted that the instant matter appears to involve a probate dispute and therefore subject matter jurisdiction may be lacking, the court now finds that plaintiff's claim does not "involve the administrative of an estate, the probate of a will, or any other purely probate matter." *Marshal v. Marshal*, 547 U.S. 293, 312 (2006) (citing 4 Restatement (Second) of Torts § 774B (1979) ("One who by fraud, duress or other tortious means intentionally prevents another from receiving from a third person an inheritance or gift that [s]he would otherwise have received is subject to liability to the other for loss of the inheritance or gift."). Accordingly, the court finds that the "probate exception" to subject matter jurisdiction does not apply in this case. *See id*. at 312.

In his amended complaint, plaintiff asserts that the statute of limitations should be waived because at the time of his mother's death he was busy with his college. He adds that after college he had a job in Chicago. Thus, he asserts, he could not go to Pakistan to file a lawsuit. These allegations do not provide a basis for tolling the limitations period. Indeed, a contrary finding would allow tolling in virtually all cases and eviscerate the applicable statute of limitations. From the face of the complaint it is apparent that plaintiff's claims are barred by the statute of limitations and his complaint must be dismissed with leave to amend.[3]  *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely."); *see also Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts.").

Accordingly, it is hereby RECOMMENDED that the amended complaint (ECF No. 4) be dismissed without leave to amend and that the Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time

/////

/////

---

[3] Plaintiff alleges that at the time of his mother's death he resided in Chicago, Illinois. He also alleges that defendant Tahir Ahmed and Safina Ayz are residents of the state of Texas, and that defendant Samina Malik is a resident of Michigan. Under the laws of those states, plaintiff's claims would still be time barred. *See U.S. ex rel. Walner v. Northshore University Healthsystem*, 660 F. Supp. 2d 891, 898 (N.D. Ill. 2009) (five-year limitation period of common law fraud under Illinois law); *Future Now Enterprises, Inc. v. Foster*, 860 F. Supp. 2d 420, 428 (E.D. Mich. 2012) (six-year limitation period for fraud claims under Michigan law); *R & L Inv. Property, LLC v. Hamm*, 2011 WL 2462102, at * 3 (N.D. Tex. June 21, 2011) (four-year limitation period under Texas law).

1  may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455
2  (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
3  DATED:  May 17, 2016.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE